RHOADABECK v. THE BLAIR TOWN LOT AND LAND CO. ET AL.

1. **Practice in Supreme Court:** CASE CONSIDERED AS MADE BELOW. Where, without objection on the part of any one, the sufficiency of a petition was tried below upon a motion to strike it out, instead of upon a demurrer, and the cause is in the same way presented here on appeal, it will be considered as presented, and tried upon its merits.

2. ———: THEORETICAL AND CONTINGENT QUESTIONS NOT CONSIDERED. Where the granting of an order was premature, on account of the pendency of another cause between the parties, the determination of which in appellee's favor would have rendered the order right, and it did not appear whether that cause had been tried or not at the time of the appeal, *held* that this court could not say that appellant was prejudiced by the issuance and execution of the order, and that it would not reverse the cause without a showing of prejudice.

*Appeal from Harrison District Court.*

MONDAY, DECEMBER 10.

THIS is an action to recover damages occasioned, as it is alleged, by an unlawful, wrongful and malicious removal of the plaintiff and his family from certain real estate. The defendants moved to strike out certain paragraphs from the petition as irrelevant and redundant, indefinite and uncertain, and as being mere conclusions of law. The motion was sustained, and the plaintiff appeals.

*Jno. H. Keatley* and *J. C. Rhoadabeck*, for appellants.

*N. D. Parkhurst*, for appellee.

ROTHROCK, J.—The material facts set forth in the petition, briefly stated, are as follows:

In 1870, the plaintiff entered and filed his application for pre-emption of the land in controversy. In 1880, a decree was rendered in the district court of Harrison county, in favor of the Blair Town Lot and Land Company, to the effect that the plaintiff had no right or title to the land. The plaintiff appealed from this decree to this court, and afterwards withdrew his appeal. On November 24, 1881, the plaintiff filed his petition in the court below, claiming that, under the occupying claimant law, he was entitled to the value of certain improvements put upon the land, to the amount of $1400.

On the sixth day of May, 1882, the Blair Town Lot and Land Company caused a writ of removal to issue from the district court of Harrison county, and the same was placed in the hands of the defendant, Middleton, who was sheriff of the county, and the plaintiff and his family were by virtue of said writ removed from the land.

It is charged that the writ was obtained maliciously, that it was an abuse of the process of the court, that it was illegal and fraudulent, and that defendants well knew at that time that "plaintiff had filed his petition in said district court, demanding payment for his improvements upon said land under the occupying claimant law," and that defendants took possession of the land and refused to pay the plaintiff for his improvements.

Damages are claimed in the sum of $5,000, and a writ of possession is asked, that plaintiff may be reinstated in the possession of the premises. By an amendment to the petition, $3,000 is claimed as exemplary damages.

The defendant moved to strike out from the petition and

amendment thereto "all that part thereof set out in paragraphs from one to twelve inclusive." These paragraphs embrace the whole of the petition, including the prayer for relief, and leave nothing in the petition but its title. The effect of the ruling of the district court in sustaining the motion was, therefore, the same as if the paper attacking the petition had been a demurrer, upon the ground that the facts stated did not entitle plaintiff to the relief demanded. And the petition should have been attacked by demurrer and not by motion. But, as the parties have not presented this question of practice, but have argued the case upon the sufficiency of the petition to maintain an action, we will determine it upon its merits.

We think that the petition does not show a cause of action. Upon its face it shows that the defendant, the Blair Town Lot and Land Company, was entitled to a writ of removal, but for the petition under the occupying claimant law. It is not shown what if any disposition has been made of that claim. It is not stated that it is still pending and undetermined. For all that does appear, it may have been determined against the plaintiff. Again, if the writ was improperly issued, a motion to recall the same and reinstate the plaintiff in possession would have been, to say the least, a proper proceeding. And, in a trial of the plaintiff's claim for improvements, if it is still pending, all questions as to rents, use and occupation may be determined.

AFFIRMED.