C. L. WATTELS, Executor, v. W. T. MINCHEN, Appellant.

93   517
f140   606

**Practice.** Answering a petition waives error in overruling a motion 1 to make same more specific.

SAME. Proper defensive matter should not be stricken out on motion. 2 Its sufficiency must be tested on demurrer.

*Appeal from Carroll District Court.*—HON. GEORGE W. PAINE, Judge.

SATURDAY, JANUARY 26, 1895.

Action on a subscription. Judgment for plaintiff, and the defendant appealed.—*Reversed.*

*F. M. Powers* and *A. U. Quint* for appellant.

*M. W. Beach* for appellee.

Granger, J.—The following is the instrument on which the action is based:

"Carroll, Iowa, February 26, 1891. In consideration of Dr. J. Donnelly purchasing the Guthrie farm, in section twenty-three, township eighty-four, range thirty-five, adjoining the town of Carroll, Iowa, and constructing thereon a kite race course, with fence and amphitheatre, all in good workmanlike manner, suitable for the best racing purposes, and maintaining same for ten years, if he live that length of time, we, the undersigned, do subscribe the amount set opposite our names, as a fund to assist in said construction. The amount to be at once paid into some bank at Carroll, Iowa, and to be drawn out and controlled by a committee of three, one of whom shall be Dr. J. Donnelly,

said committee to be elected by ourselves; the total sum to be $2,100.

Names.                                      Amount.

W. T. Minchen.............................$500 00
Kentner & McLagan.....................: ......... 100 00"

—And others too numerous to mention.

Defendant filed a motion to require plaintiff to set out the name of each subscriber, the amount subscribed by each, and the detached papers referred to in the petition, which the court overruled. The defendant then filed an answer containing what are treated as eight counts. The plaintiff moved to strike out all except the first count, which was a general denial, and the court sustained the motion. Complaint is made of the ruling of the court in each particular.

As to the motion to require plaintiff to set out the names, amounts, etc., we think appellant cannot now complain. The petition contains but a single count, and the motion was, in effect, to make it more specific. The filing of the answer, after the ruling on the motion, was a waiver of a right to object thereto. There are many rulings to this effect. See *Kline v. Railroad Co.*, 50 Iowa, 656; *Shugart v. Pattee*, 37 Iowa, 422. As to the motion to strike the several counts from the answer, we think there was error. It is not the province of a motion to test the sufficiency of a cause of action or defense. A demurrer is the method prescribed for that purpose. The counts stricken out presented defenses of fraud, failure of consideration, and noncompliance with the terms of the subscription. The motion does not assail any count separately, but asks that all be stricken out on common grounds, as that "the matters therein pleaded do not relate to the subject-matter of this suit;" that the matter therein pleaded does not constitute a defense to this

action; that "no evidence of the matter pleaded in said counts could properly be admitted to the trial of this action;" and "because said counts contain only incompetent, irrelevant, and redundant matter, tending only to incumber the record in this case." If it be conceded that, as to the first and last grounds assigned, a motion to strike would lie to expunge them from the pleading it is to be said that the facts are not such that they should be stricken out on motion. The subject-matter of the counts may properly be pleaded in defense of the action. It is not to be understood that we hold that all, or any, of these counts are sufficiently pleaded; for that question is not before us. All we say is that, as pleaded, they should not be stricken out on motion, for they present proper defensive matter, and the question of the sufficiency of each should be tested in the way prescribed by law. Code, section 2648; and see many rulings on the question, besides *Rhoadabeck v. Land Co.*, 62 Iowa, 368, 17 N. W. Rep. 582. There are some questions as to rulings on the admission and exclusion of evidence which we find it unnecessary to consider; for, with the pleadings properly presenting issues, by amendments, which should be permitted, they will not hereafter arise. The judgment is *reversed*.