## Merchants National Bank *v.* James W. Eckels, Appellant.

*Affidavit of defense—Promissory note—Bank—Corporation.*

In an action upon a promissory note by a bank, an affidavit of defense is sufficient which avers that " the defendant was employed in the preliminary organization and promotion of the bank, and in that employment did prepare all the papers incident to the incorporation of the same and did secure the charter therefor, and did prepare the constitution and by-laws for said bank, and fully complete the permanent organization thereof by securing subscribers to the capital stock, preparing and providing a place of business, preparing leases, purchasing necessary equipment and furniture, advising and counseling from time to time as to matters of interest to the plaintiff from the time of the organization of said bank, which said services remained unpaid at the time of the institution of this suit and for which a set-off is asked against the plaintiff's claim," and that " the said services, the value of which is asked to be set off against the demand of the plaintiff in this suit, were all rendered at the instance and request of a majority of the board of directors of said Merchants National Bank, plaintiff, and upon the implied promise of a majority of said directors, and with the understanding that the defendant should be paid for said services whatever they were reasonably worth."

Argued April 24, 1899.   Appeal, No. 170, Jan. T., 1898, by defendant, from order of C. P. Cumberland Co., May T., 1898, No. 57, making absolute a rule for judgment for want of a sufficient affidavit of defense.   Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Reversed.

Rule for judgment for want of sufficient affidavit of defense. Before BIDDLE, P. J.

The affidavit of defense was as follows:

The said Merchants Bank is indebted to the said James W. Eckels for professional services as attorney and for services rendered in the organization and promotion of said Merchants Bank in a sum largely in excess of the amount claimed by the plaintiff namely, $1,200 with interest from May 14, 1897.

That the defendant was employed in the preliminary organization and promotion of the Merchants National Bank, plaintiff, and in that employment did prepare all the papers incident to the incorporation of the same and did secure the charter therefor, and did prepare the constitution and by-laws for said bank and also fully complete the permanent organization thereof by

securing subscribers to the capital stock, procuring and providing a place of business ; preparing leases, purchasing necessary equipment and furniture ; advising and counseling from time to time as to matters of interest to the plaintiff from the time of the organization of said bank to July, 1897, which said services remain unpaid at the time of the institution of this suit and for which a set-off is asked against the plaintiff's claim.

In a supplementary affidavit of defense the defendant averred that "the services in the before-mentioned affidavit of defense were rendered by him at the instance and request of all the promoters of the said Merchants Bank, a majority of said promoters thereafter being directors in said bank and said services were rendered with an understanding with all said promoters that said services should be paid for what they were reasonably worth."

*Error assigned* was the order of the court making absolute a rule for judgment for want of a sufficient affidavit of defense.

*F. E. Beltzhoover,* with him *H. S. Stuart,* for appellant.—The law is settled that where a set-off is sworn to, the items and amount need not be stated provided it is said to exceed the plaintiff's claim : Runyan v. Crawford, 1 T. & H. Pr. sec. 419 ; Fletcher v. Bancroft, 1 T. & H. Pr. sec. 419.

It is sufficient that the defense be stated with certainty to a common intent : Hugg v. Scott, 6 Wh. 274 ; Thompson v. Clark, 56 Pa. 33 ; Selden v. Neemes, 43 Pa. 421 ; Twitchell v. McMurtrie, 77 Pa. 383 ; Link v. Wilson, 8 Mont. 142 ; Church v. Jones, 132 Pa. 462 ; Knerr v. Bradley, 105 Pa. 190 ; Bryson v. Trustees, 168 Pa. 352 ; Whitaker v. Reed, 9 W. N. C. 144 ; Janeway v. Moss, 10 W. N. C. 337 ; Bank v. Eichelberger, 1 Wrd. 397 ; Lawrance v. Smedley, 6 W. N. C. 42 ; Cook v. Birkey, 6 W. N. C. 503.

When the projectors of a company enter into contracts in behalf of a body not existing at the time, but to be called into existence afterwards, and the body for whom the projectors assumed to act does come into existence, it cannot take the benefit of the contract without performing that part of it which the projectors undertook that it should perform : Bell's Gap R. R. Co. v. Christy, 79 Pa. 59.

*Conrad Hambleton*, for appellee.—A corporation is not bound to pay for services rendered before its organization was perfected in procuring subscriptions to its capital stock: R., R. I. & St. L. R. R. Co. v. Sage, 65 Ill. 328; N. Y. & N. H. R. R. Co. v. Ketchum, 27 Conn. 170; Franklin Fire Ins. Co. v. Hart, 31 Md. 59; Western Screw and Mfg. Co. v. Cousley, 72 Ill. 531; Bell's Gap R. R. Co. v. Christy, 79 Pa. 59; Tift v. Nat. Bank, 141 Pa. 550; First Nat. Bank v. Drake, 35 Kan. 564.

To be sufficient to prevent summary judgment, an affidavit of defense must contain all the facts necessary to constitute a legal answer to the statement of claim, and the omission thereof cannot be supplied by possible inference from the facts which are stated: Class v. Kingsley, 142 Pa. 636; Slag Works v. Krause & Sons, 5 Pa. Superior Ct. 622; McCrackem v. Presbyterian Church, 17 W. N. C. 45; Endlich on Affidavits of Defense, sec. 515, Louchheim v. Becker, 3 W. N. C. 449.

OPINION BY MR. CHIEF JUSTICE STERRETT, May 8, 1899:

The sole question in this case is whether the averments of facts contained in the affidavits of defense are sufficient to prevent a summary judgment. In disposing of such questions, the truth of all facts properly averred in the affidavit of defense must necessarily be conclusively presumed to be true, because the rule for judgment for want of a sufficient affidavit is in the nature of a demurrer thereto. Applying this principle to the case before us, we are all of opinion that the facts properly averred by the defendant are sufficient to carry the case to a jury; and hence there was error in making the rule for judgment absolute, etc.

Inasmuch as the case goes back for trial, further discussion of the questions involved in the defense that is interposed is neither necessary nor desirable.

Judgment reversed and record remitted with a procedendo.