Talke Temple, Appellee, v. Hamilton County and George R. Stevens, Appellant.

**Drainage:** DISMISSAL OF PROCEEDING. Appearance of a county attorney, in a proceeding to establish a drainage district pending on appeal in the district court, and the entry by him of a disclaimer by the county of any interest in the proceeding, does not amount to a dismissal of the proceeding and preclude further action therein by the real parties in interest.

**Same:** AUTHORITY OF SUPERVISORS. After the preliminary steps for the establishment of a drainage district have been taken and the matter is pending on appeal in the district court, the

board of supervisors has no power to dismiss the proceedings and thus nullify the order of establishment, unless it shall first find some fatal defect in the proceeding, or that it is not a work of public utility, or that the benefits are not commensurate with the cost.

**Same:** INTERVENTION BY PETITIONER. On appeal from an order establishing a drainage district and the construction of drains therein, a petitioner whose lands are affected and who has given the bond of costs, may intervene and defend the order.

**Establishment of drainage system:** REVIEW. Primarily the utility of establishing a drainage system is for the board of supervisors to determine, and the court will not interfere with its finding unless the evidence is very clear that it is not a work of public utility, or the benefits are not commensurate with the cost; and the burden of making such a showing is upon the party attacking the order.

*Appeal from Hamilton District Court.*— HON. J. R. WHITAKER, Judge.

THURSDAY, JUNE 6, 1907.

APPEAL from a judgment of the district court, reversing and setting aside an order made by the board of supervisors of Hamilton county for the establishment of a drainage district.— *Reversed.*

*D. C. Chase,* for appellant.

*Wesley Martin* and *G. D. Thompson,* for appellee.

WEAVER, C. J.— A petition having been presented for the establishment of the drainage district in question, the board of supervisors appointed an engineer to make the preliminary survey. This was done, and report thereof duly returned. Notice of the proposed action was duly given, and certain persons whose lands would be affected by such proceedings presented a remonstrance against the construction of the ditch. Upon the day named therefor the re-

monstrants appeared before the board with counsel, and contested the granting of the petition. At the conclusion of the hearing, it was decided by a majority vote of the board that the preliminary proceedings had been conducted as required by law, and that the petition was sufficient, and that the proposed ditch was a work of public utility. At a later meeting of the board consideration was had of the claims for damages which had been presented and awards made aggregating $203. A resolution was then adopted December 21, 1904, establishing the district and ordering the construction of the drain. Soon thereafter, and within the month of December, 1904, the appellee herein and several other persons owning land within the district appealed from said order. In January, after said appeal had been taken and the proceeding was pending in the district court and after the membership of the board had been changed in part, said board of supervisors, apparently without notice to the parties in interest, passed a resolution dismissing the attorney who had been employed to defend the proceedings on appeal, and directed the county attorney " to dismiss all proceedings which are now pending on appeal or may hereafter be pending in the matter of establishing said drainage district." In the district court the appellee herein, who was one of the remonstrants, was upon some theory permitted to file a petition as in an action in equity, setting up a history of the establishment of the ditch, and praying that the order therefor by the board of supervisors be " reversed, annulled, set aside, and held for naught " as being illegal and void. The county attorney, acting under the resolution of the board above mentioned, appeared in the proceeding, and disclaimed for the county any interest whatever in the same. Thereafter George R. Strever, petitioner for the ditch and principal upon the bond for costs, appeared and was permitted to intervene in support of the order, from which the appeal had been taken. On the trial of the appeal many witnesses were

examined upon both sides describing the district, its course of natural drainage, its liability to overflow, and other pertinent features and upon the record thus made judgment was entered that there was no necessity for the ditch, that its expense would create a greater burden than should properly be borne by the lands in the district, and that the resolution adopted by the board of supervisors on December 21, 1904, " should be, and the same is hereby, canceled, repealed, reversed, and held for naught," and that the costs be taxed to said Strever.

I.   The appellee makes the point that the act of the board of supervisors in January, 1905, directing the county attorney " to dismiss all proceedings which are now pending on appeal or may hereafter be pending in the matter of the establishment of said drainage district," had the effect to put an end to the proceedings, and

1. DRAINAGE: dismissal of proceedings.

that Strever had no authority to further prosecute them, or to defend against the appeal taken by said Temple. We think the objection is not good. In the first place, if the board of supervisors had any authority to direct the county attorney to dismiss the proceedings, it is a sufficient answer to say that the record discloses no attempt by him to carry out such instruction and enter a dismissal. He did no more than to enter an appearance for the county and board of supervisors, and enter for them a disclaimer of any and all interest in the controversy, and further saying in behalf of the supervisors that their acts in the matter had been done " in compliance with law, and as a board of supervisors acting in a judicial capacity, and with their decision all their interests as a board or as individuals ceased, wherefore the defendants ask to be dismissed, with their costs." There is no suggestion here that the county desired to dismiss the proceedings, but rather an anxiety to allow the dispute to be fought out by the real parties without further cost to itself.

Moreover, we very much doubt if the county has any authority pending an appeal to the district court to order or direct a dismissal of the proceeding, and thereby nullify the order of establishment. Nor has the board of supervisors any authority to dismiss the proceedings for the establishment of a drainage district, except as it shall find some fatal defect or irregularity in the proceedings or shall find upon a hearing on the merits of the application that the work is not one of public utility or the expense thereof a greater burden than should be borne by the lands benefited.

2. SAME: authority of supervisors.

Nor do we think that any just objection can be raised to the appearance of Strever and the defense by him of the validity of the order appealed from. He was the petitioner for the ditch, and had given the statutory bond for costs and expenses. His land was to be affected by the proposed drainage. When, therefore, the county by its action notified him that it would take no further responsibility in the matter, and was entirely indifferent concerning the rights of the parties interested therein, we think it was the privilege of the petitioner to ask and within the power of the court to grant him leave to assume and carry on the defense. The statute does not definitely provide who shall be considered parties to the proceeding on appeal, nor how the case shall be entitled in the district court, but, if we assume that the county or the board of supervisors is properly a party to an appeal, it is only in a nominal or representative capacity which does not deny to the real parties in interest the right to control the proceedings and to defend their respective rights in the premises. *Yockey v. Woodbury County,* 130 Iowa, 412.

3. SAME: intervention by petitioner.

II. Arguments of counsel are very largely directed to the disputed question of fact, the need and propriety of the proposed drainage. We cannot go into a review of the testimony of the many witnesses; but have to say that we think

it fairly demonstrated that the proposed district contains much wet land, and that a large proportion of the farms and highways within the described area will be benefited by the construction of the ditch. The authority to pass upon the necessity of such an improvement, determine its public character, and fix the boundaries of the district is more legislative than judicial in its nature, and is intrusted, primarily at least, to the board of supervisors. That body is to find whether the improvement is one of public utility and conducive to public health and welfare; and when the damages, if any, are appraised, it is then to consider and determine whether the cost of construction and the amount of damages do or do not create a greater burden than should properly be borne by the land benefited. If these be found in favor of the petitioners, then it becomes the duty of the board to order the improvement established. Laws 30th General Assembly, chapter 68, sections 5, 6. In view of the fact already mentioned that these duties are in a large measure legislative in character, and the further obvious truth that the supervisors are on the ground where they can see and know the situation as no one can know it from the written or printed testimony, we are of the opinion that the court should be very reluctant to interfere and set aside their order on the ground that the ditch is not a work of public utility, or its cost is a greater burden than the lands benefited should bear, unless the evidence in support of the objection is so clear as to render that conclusion unavoidable; and the burden of making such showing is on the party attacking the order.

4. ESTABLISHMENT OF DRAINAGE SYSTEM: review.

The record in this case is not of such character. As already stated the evidence strongly tends to show that this district or a large part thereof will be benefited in some degree by the ditch. Doubtless some will be benefited much more in proportion than others, and there may be some tracts which will receive no very perceptible benefit, but all these things are subject to adjustment, when the board shall come

finally to pass upon the classification of the land and the assessment of the cost of the improvement upon the property within the district. All matters of alleged unequal or improper assessment will then be considered, and the board is authorized upon such hearing to increase, diminish, annul, or affirm the apportionment made by the commissioners. We must presume that they will do their duty in this respect. We think it unnecessary to pursue the discussion.

Holding, as we do, that the evidence was insufficient to require a reversal of the order made by the board of supervisors, the judgment of the district court is *reversed*.