THE PHOENIX FIRE EXTINGUISHER COMPANY, Plaintiff, Appellant, v. T. M. SINCLAIR & COMPANY, Limited, Defendant, GRIMM & TREWIN, Motion Defendants, Appellees.

**ATTORNEY AND CLIENT:** Judgment on Motion—Appeal—How
1 Tried. A "judgment on motion" against an attorney in favor of the client is triable on appeal *on errors only*—not *de novo*. This rule is not changed by the fact (a) that the lower court heard the case under stipulation that "all evidence shall be taken subject to objections," or (b) that the original cause in which the attorney collected the money was in equity and the same title was retained in the summary motion for judgment, or (c) that the certification of the evidence referred to the summary proceeding as one "in equity."

**APPEAL AND ERROR:**  Actions—How Tried on Appeal—Certifi-
2    cation of Evidence—Effect.  An action "at law" is not thrown
to the "equity" side of the calendar by a certification of the
record referring to it as a "proceeding in equity."

**WITNESSES:**  Refreshing Memory from Memoranda—Proper Cir-
3    cumstances.  A witness may refresh his memory, in an action on
account, by referring to his book of "original entries," though
the entries were not made by him, but under his direction and
when made he knew them to be correct.  For the same purpose
he may refer to a slip or list made from the book of original
entries for convenience, he having verified the correctness of the
slip.

**APPEAL AND ERROR:**  Appeal in Law Action—Findings of Trial
4    Court—Support in Evidence.  In an action tried at law by the
court, the finding of the court that a matter in issue was estab-
lished "without conflict," will not support a claim of error when
there is evidence supporting such finding.

MOTION of plaintiff to compel Grimm & Trewin, Attor-
neys, to account for money collected.

*Appeal from Linn District Court.*—HON. W. N. TREICHLER,
Judge.

WEDNESDAY, MARCH 17, 1915.

A summary proceeding instituted by motion of the plain-
tiff against its attorneys in the above entitled case under the
provisions of Code Sec. 3826.  Upon trial had on the merits,
judgment was rendered for the defendants.  Plaintiff appeals.
—*Affirmed.*

*Deacon, Good, Sargent & Spangler* and *Jamison, Smyth &
Hann,* for plaintiff and appellant.

*F. F. Dawley* and *C. E. Wheeler* and *Barnes & Chamber-
lain,* for appellees, Grimm & Trewin.

EVANS, J.—Grimm & Trewin were attorneys for the plain-
tiff in the trial of the above entitled case in the district court
of Linn county.

The defendant named in the title of said case has no interest in these proceedings, the title of the original case being retained because the proceeds of the judgment entered therein are the subject of the controversy between client and attorney and because the summary proceeding was instituted by a motion filed in the original case as provided by Code Sec. 3826. For convenience in the discussion, Grimm & Trewin will be referred to as defendants and the original plaintiff as plaintiff.

The original suit was an action brought by the plaintiff against the original defendant to recover an alleged balance due of about $12,000 on certain contracts involving the installation of fire extinguishing apparatus in the packing plant of such original defendant. The full amount of the contracts of such parties involved over $60,000. The original contract required the completion of the job in 120 days. There was a delay of nearly one year in the completion of the work. The original defendant set up a counter-claim for damages for the delay substantially equal to the amount claimed in the petition. There were many reasons and counter-reasons for the delay. The final decree in the case found the plaintiff responsible for some of them and the original defendant responsible for others. In the main, the plaintiff was successful and recovered a judgment for a little more than $9,900. The record of the trial was an exceedingly voluminous one and 21 court days were consumed in its trial. The plaintiff's attorneys collected the judgment and retained $2,700 as their fees for services. $500 additional was paid to the plaintiff's Chicago attorney, about which no controversy is made here. The one question in this case is whether the $2,700 charged by the Cedar Rapids attorneys was more than the reasonable value of the services rendered or whether the services charged for were greater than were reasonably necessary in the trial of such case. The trial court found for the defendants.

I. The first question presented for our consideration is whether the case is triable here *de novo* or on errors only. The

plaintiff appellant contends that it is triable *de novo* and that

1. **ATTORNEY AND CLIENT**: "judgment on motion": **appeal**: how tried.

claim is resisted by the defendants. The appellant concedes that the proceeding is special and that in the absence of stipulation it would be triable at law and not in equity. It is contended, however, that there was a stipulation entered into which was in effect an agreement to try the case as an equitable proceeding in the court below and that it was accordingly so tried. The stipulation relied on was as follows:

"It is understood and agreed between the parties to this action that in the trial of this case the court shall not be required to rule upon objections to the admission of the evidence, when the objection is made, but that all evidence shall be taken subject to the objections."

We see nothing in this stipulation which purports to try the case as an equitable proceeding or on the equity side of the court. The trial was had to the court without jury and this was in accordance with the statute. The stipulation is not an unusual one in law actions in a trial before a court without a jury. It tends to expedite proceedings and it enables the defeated party to save his record of objections and exceptions without requiring immediate and repeated rulings of the court. It also enables questions of evidence to be reserved for the final argument and it enables the court to rule upon the objections in the light of the whole record. If anything more was intended by the stipulation above quoted it is not made apparent therein.

Some stress is laid by the appellant upon the title of the case as adopted by both parties in all the pleadings and papers filed. The original case was in equity and its title so indicated. This title was preserved in all papers filed in this summary proceeding. The plaintiff's motion was filed in such case and the summary proceeding thus provided for by statute became, so to speak, attached to the original case. This was in accordance with the statute. If the use of this title ren-

dered the proceedings triable in equity, then every such motion in an equity case must be tried by equitable proceedings. But the plaintiff does not contend that this is so and concedes to the contrary. It does, however, contend that the use of the title was confirmatory evidence of the intended agreement of the parties to try the issue as an equitable one. We think it quite clear that the title of the motion was determined by the original case. No other written pleading of any kind was necessary under the statute. (Code Sec. 3830).

It is further urged by appellant that in the certification of the evidence after the trial of the case, it was referred to therein as a "proceeding in equity." It is urged that this was a finding or a declaration by the trial court which is conclusive. It may be noted here that the trial court subsequently corrected its certificate in that regard and struck out therefrom the phrase above quoted. From such order of correction, the plaintiff has also appealed and such appeal has been submitted here with the main case. Whether the motion of plaintiff was or was not tried as an equitable proceeding was a question quite independent of the final certification of the record. The fact was fixed before the time of certification had arrived. It was no part of the function of the certificate to determine such fact nor to preserve it, nor could the actual status of the proceedings be changed from the law to the equity side or vice versa by any recital in the certificate to the evidence. The trial court, therefore, properly corrected the certificate and this will be sufficient indication of our views as to the second appeal.

2. APPEAL AND ERROR: actions: how tried on appeal: certification of evidence: effect.

II. Our foregoing conclusion is practically determinative of the appeal. The finding of the lower court has the effect of a verdict. Beyond question it has substantial support in the evidence. We have no occasion, therefore, to go into the larger merits of the case on the evidence. Two alleged errors are pointed out in the plaintiff's brief. Grimm testified to the number of days of the services rendered. To aid his memory

3. WITNESSES: refreshing memory from memoranda: proper circumstances.

in this respect he used the book of original entries of the firm and a slip upon which dates had been gathered from the book of original entries. None of the entries in the book nor on the slip were in the handwriting of Grimm. The entries had all been made by the bookkeeper, so far as the writing was concerned. The book entries had been made under the direction of Grimm. He was familiar with them at the time and knew their correctness at such time. The slip also was made on his direction and checked over by him. It is urged by appellant that his testimony was rendered incompetent because of his dependence upon the memoranda and because the memoranda were not such as could legally be used to refresh the memory of the witness. So far as the book was concerned, Grimm's familiarity with the entries at the time they were made was clearly sufficient to entitle him to refer to them as an aid to his memory. The slip was merely of temporary convenience. Its accuracy could be then and there verified from the various pages of the book. The objection to it was only that it was not made by the witness. We think the use of the memoranda was properly permitted. The witness was clearly competent to testify to his best recollection as to the extent of service rendered. The use of the memoranda tended to the aid of such recollection, and to render the same more definite and accurate. We find no support for the appellant on this point in the cases cited in the brief, viz.: *Graham v. Dillon*, 144 Iowa 82; *Porter v. Madrid State Bank*, 155 Iowa, 617. The cited cases support the use of the memoranda in question.

III. In disposing of the case, the trial court filed a brief written finding. Such written finding included the following: "it appearing without conflict that Grimm & Trewin devoted in the preparation and trial of the case the time claimed by them, and that the charges per diem were reasonable, and that the only question for the court's determination is whether or not Grimm & Trewin's charges included unnecessary time in the preparation and trial of the

4. APPEAL AND ERROR: appeal in law action: findings of trial court: support in evidence.

case." Appellant challenges the finding that the time claimed by the defendant was proved "without conflict." It is not claimed that there is any direct evidence contradicting such claim. It is urged, however, that all the circumstances of the case should be regarded as presenting such a conflict. This proposition, however, is only a matter of argument and fairly goes to the weight of the evidence. The weight of the evidence was for the trial court and the findings are consistent with the exercise of such responsibility. Indeed it would be difficult to point out any circumstances in the case which impeach the claim of actual time except as it might be found that the time claimed was not reasonably necessary to the care of the case. This distinction was preserved in the mind of the court and is indicated in the written finding. Subject to this distinction, there was no conflict even in the sense urged by the appellant.

As to the value of the services, there was substantial agreement in the expert evidence on both sides as to the reasonable rate of compensation. Each side presented to its expert its own hypothetical question. The difference in the hypothetical questions was such as to call for a different sum total even upon the same rate of compensation. That is to say one question predicated greater service rendered than the other.

No other errors are presented for our consideration apart from the fact merits of the case. These assignments of error cannot be sustained. The judgment below must therefore be —*Affirmed.*

LADD, PRESTON and GAYNOR, JJ., concur.