S. F. VINTON et al., Appellants, v. BOARD OF SUPERVISORS OF MILLS COUNTY et al., Appellees.

**DRAINS:** Establishment—Refusal—Appeal. Record reviewed, on an appeal from an order of the board of supervisors *refusing* to relocate and establish a drainage district because of the unwisdom of having two ditches in the same territory, and held to amply support the action of the board.

**PLEADING:** Motions—Motion as Demurrer. A motion may be employed in lieu of a demurrer when the litigants so employ it.

*Appeal from Mills District Court.*—EARL PETERS, Judge.

JULY 12, 1923.

ON September 23, 1921, appellants Vinton, Lamb, and May filed with the board of supervisors a petition, asking for the establishment of a drainage district. On the same date, they filed a bond, as prescribed by statute, which was accepted by the board, and the commissioner was appointed. The commissioner recommended the establishment of a drainage district and improvements. In December, the auditor published notice of the pendency of the petition and the report of the commissioner for change of location of Pony Creek Ditch. The matter coming on for hearing on January 20, 1922, the prayer of plaintiffs' petition was denied, on the ground, substantially, that the petition asked for a relocation of the old Pony Creek Ditch, and that the purpose is to drain lands drained by the existing ditch, and that, therefore, there is no necessity for two ditches in the same district, or for a relocation and abandonment of the old. From such holding by the board, the appellants appealed to the district court, where, in addition to the transcript of the record before the board, appellants filed a petition, setting up their claims and the relief asked. They asked that the district court reverse the action of the board, and that said action be set aside, and that the cause be remanded to the board, with instructions to grant plaintiffs' first petition and to pro-

ceed with said cause as asked for therein, and for general equitable relief. In the district court, appellees moved to dismiss the petition of the plaintiffs, for the reason that the court has no jurisdiction to review the action of the board of supervisors in dismissing the proceedings instituted by plaintiffs for the establishment of a drainage district. The motion was sustained, and judgment entered against appellants for costs. From such ruling the plaintiffs appeal to this court.—*Affirmed.*

*Roadifer & Roadifer* and *W. S. Lewis,* for appellants.

*Genung & Genung, C. H. Cook,* and *C. E. Dean,* for appellees.

PRESTON, C. J.—The case of *Lincoln v. Moore,* 196 Iowa 152, was submitted immediately after the instant case. The *Lincoln* case was first decided. As pointed out in that case, the two

1. DRAINS: establishment: refusal: appeal.

cases are closely related. While some of the questions in the instant case were argued in the *Lincoln* case, the determination of the first case was not made to depend upon the question relied upon by appellants in the instant case. The more important question in the *Lincoln* case was as to whether the district had ever been established, and it was held that it had been. This being so, a cleaning out and repair of the old ditch in the district authorized by the board was and is permitted. The determination of the instant case depends, to a considerable extent, upon the holding in the *Lincoln* case, because, after repairs on the old ditch have been authorized, if appellants in the instant case succeed in reversing the district court and the board of supervisors, a relocation of the proposed new ditch would be authorized, thus making two ditches for the same lands. In any event, the situation might be greatly complicated. This situation has not been referred to in argument by either side. Our troubles have not been lessened by the situation thus presented. Appellants in this case can have no other purpose in their appeal to the district court and to this court but the establishment or relocation of the new ditch. The record of both proceedings is set out fully in the *Lincoln* case, and it will be unnecessary to again set

it out in the opinion in this case. There are some matters, however, appearing herein which were not set out in the other case.

The argument of appellant in both cases, so far as the action of the board in refusing appellants' petition is concerned, proceeds upon the theory that they were asking for the establishment of a new district; but the petition filed by appellants in the district court, after their appeal from the action of the board, is more upon the theory that they were asking the board to change the route of the ditch in the same district. The petition is quite long, so that a summary thereof only will be stated.

The petition recites the filing of the petition with the county auditor, asking the board to alter as well as change the present route of the water as now carried by the Pony Creek Drainage District, and change the route as now established. The petition to the board and all proceedings of the board are referred to in the petition, which also states that on the trial plaintiffs will offer and use the transcript of papers now on file; that, on January 20, 1922, their petition before the board was brought on for hearing; that the board, ignoring the favorable report of the engineer, and without appointing appraisers, dismissed the said petition, depriving the petitioners of their right in asking that the route in said Pony Creek district be changed from where it now is, which new proposed route is more favorable and more likely to carry water, when completed, than the old route, as now located. The old ditch is described in detail, and the claim is made that it was insufficient and partly filled up; that, if the ditch was changed, as called for by plaintiffs' petition, a ditch could be constructed that would relieve the trouble now existing; that plaintiffs are aggrieved by the decision of the board in turning down their petition and denying to them the privilege due them under the drainage law. Wherefore, they pray as before set out.

The resolution of the board from which this appeal is taken is set out practically in full in the *Lincoln* case, where we interpreted the meaning of the board in passing the resolution. A part of it will now be referred to. It recites that said petition in substance asks for a relocation of the old Pony Creek Ditch, and that the purpose of the same is to drain the lands now sought to be drained by the now existing ditch; that there would

be no benefit derived from the new ditch which does not at this time accrue to the present Pony Creek ditch; that the board, after considering the report of the commissioner and the matters above set out, and all other matters, finds that the levee or drainage district as proposed in the plaintiff's petition would not be for public benefit or utility, nor conducive to public health, convenience, or welfare.

1.   Appellants say that the only question involved in this appeal is whether the order of the board of supervisors in refusing to establish a drainage district is ever reviewable by the courts.   Counsel for appellant now contend, contrary to their position in the *Lincoln* case, that the action of the board is not wholly legislative, and that they are entitled to a review by the courts.   We take it that what appellants are really trying to do is to change the location of the ditch in the district, and incidentally to establish the district which they claimed in the other case had never been legally established.   Strictly speaking, then, the application of appellants to the board of supervisors was not an action to establish a district, nor was the action of the board a refusal to so establish a district.   As we said in the *Lincoln* case, it is not a fair interpretation of the order of the board of supervisors to say that they found that drainage was of no benefit.   What they did hold was that, since there was one ditch in the district, it was unnecessary to have another, or relocate the ditch, and lose all the money which had been expended on the old ditch; and they refused the petition of appellants on that ground.

Another matter should be here referred to which we think is important, as bearing on this question; and that is that there was pending at the same time, and in the same matter, an application by other property owners, asking that the board repair and clean out the old ditch.   If it be the thought of appellants that this is a matter for the court, then we have to say that it would be surprising if any court would hold that the board of supervisors did not do the proper thing.   We shall see later that we have never held that all the acts of the board in drainage projects are legislative, or that in no case will an appeal lie from such portions of the actions of the board as are judicial.   In some of the cases, we have said, in effect, that, even

though the functions of the board are partly legislative and partly judicial, the courts will be slow to interfere with the action of the board. Even on that theory, the trial court was justified in finding, from all the facts before it, that the action of the board of supervisors ought not to be interfered with. The sum of it is that, in the judgment of the board and the district court, under such circumstances it was not best to relocate. the ditch, and that, since there already was a ditch, it was not for the public benefit, etc., to so relocate, and have two ditches in the district, or abandon the old one. Appellees contend that in this a discretion is vested in the board of supervisors, and that the creation and organization of a drainage ditch improvement is a legislative function. They rely on our holdings in *Denny v. Des Moines County,* 143 Iowa 466; *Chicago & N. W. R. Co. v. Board,* 182 Iowa 60, 70; *Dewey v. City of Des Moines,* 101 Iowa 416; *Lyon v. Sac County,* 155 Iowa 367; *Kelley v. Drainage District,* 158 Iowa 735; *Oliver v. Monona County,* 117 Iowa 43, 56; *Zinser v. Board,* 137 Iowa 660; *Temple v. Hamilton County,* 134 Iowa 706, 710; *Hartshorn v. Wright County,* 142 Iowa 72; *In re Drainage District,* 146 Iowa 564. They seem to rely most upon the holding in the *Denny* case. Counsel for appellant say that they are not unmindful of that decision, but that they are unable to harmonize with later cases the rule therein laid down, and that they deem that case inconsistent with the statute, which provides for an appeal from an order by the board refusing to establish a district. Code Supplement, 1913, Section 1989-a6. They say further that this court has so modified the *Denny* case as to leave it applicable only to a refusal based upon a finding that the establishment is not conducive to public health, welfare, and convenience. In this connection, they call attention to the statute, Section 1989-a1, 1913 Supplement, wherein it is provided that the drainage of surface water from agricultural lands shall be considered a public benefit and conducive to public welfare, etc. As already pointed out in the instant case, the board did not determine that the proposition of drainage or establishing a drainage district was not so conducive to public health, and so on. We said in *Chicago & N. W. R. Co. v. Board,* 182 Iowa 60, 70, that the proposition that the creation and organization of a drainage improve-

ment is a legislative function has been recognized and often declared, citing the cases before referred to herein. In the same case, we said, at page 71, in referring to an appeal allowed by the legislature, that we have recognized that, while vesting the board of supervisors with legislative power in respect to the establishment of the district, it has coupled with that function certain other powers of a judicial nature, and that an appeal brings up for review by the courts only such orders of the board as may fairly come within the latter description. The same case refers to the *Denny* case, and states that therein the single question was presented whether the action of a board in rejecting a petition for a drainage district could be reviewed on appeal, and that this was decided in the negative, because the determination of whether conditions warranted the making of the improvement and establishment of the district was a legislative act. The opinion further points out that there is no essential inconsistency in our cases. In *Focht v. Board,* 145 Iowa 130, 137, in referring to the *Denny* case, it was pointed out that there was no holding that there could not be an appeal by anyone in such proceedings, and that, as to some of the actions of the board, the acts were judicial. For instance, in that case it was said that the determination by the board as to the sufficiency of the petition was a judicial act. There might be other matters involved in the proceedings upon which the parties would be entitled to a review on appeal: perhaps fraud or corruption on the part of the board, and possibly some other matters. But it is unnecessary in this case to attempt to state just what other acts are or are not reviewable on appeal, because they are not in this case. Appellants cite *McGee v. Board,* 84 Minn. 472 (88 N. W. 6), *Focht v. Board,* supra, *In re Drainage District,* 146 Iowa 564, *Mittman v. Farmer,* 162 Iowa 364, *Wood v. Honey Creek Drain. Dist.,* 180 Iowa 159, *Chicago & N. W. R. Co. v. Board,* supra, *Shay v. Board,* 185 Iowa 282, and *Erickson v. City of Cedar Rapids,* 193 Iowa 109, to sustain their proposition, as they state it, that the determination of the board of commissioners that a ditch will or will not be of public benefit or utility, or conducive to public health, convenience, or welfare, is not, in this respect, conclusive, and that an appeal may be taken to the district court, and there that question is finally de-

cided. As shown, the board in the instant case did not determine, as an abstract proposition, that drainage was not of public benefit. The cases cited do not sustain appellants' contention, as just stated, or as broadly as they claim. Some members of the court are not disposed to go so far as the *Denny* case, or to follow that decision. We deem it unnecessary to review each case separately. We are of opinion that, under the conditions existing, and under all the facts and circumstances appearing before the board and the district court, the act of the board in refusing to establish this district was right, and ought not to be interfered with.

2. There is another matter which we think important in the determination of this appeal. This is in further answer to the contention of appellants that they were entitled to a review in the district court. We are inclined to think

2. PLEADING: motions: motion as demurrer.

that, under the record as made herein, the matter was reviewed by the district court, whether appellants were entitled to it or not. As shown, appellants filed a petition in the district court after the appeal from the action of the board. We have held that it is good practice, on appeals from inferior tribunals, to file a petition, stating the claims of the appellant. It may be conceded that the proper way to test the sufficiency of a petition is by demurrer. However, a motion, under some circumstances, may be considered as equivalent to a demurrer. The motion in the instant case struck at the entire petition, and not parts thereof. The motion was not to dismiss the appeal, but to declare that appellants were not entitled to any relief, although it was not worded in just that language. As said, the motion struck at the entire petition and the entire proceedings. Appellants made no objection in the court below, nor do they in this court, that demurrer was the proper remedy, rather than a motion to dismiss the case. Indeed, the matter is not suggested in argument by either appellants or appellees. In *Rhoadabeck v. Blair Town Lot & Land Co.*, 62 Iowa 368, a motion to strike all paragraphs of the petition was sustained. We said:

"The effect of the ruling of the district court in sustaining the motion was, therefore, the same as if the paper attacking the petition had been a demurrer, upon the ground that the

facts stated did not entitle plaintiff to the relief demanded. And the petition should have been attacked by demurrer, and not by motion. But, as the parties have not presented this question of practice, but have argued the case upon the sufficiency of the petition to maintain an action, we will determine it upon its merits."

In *Wisconsin Lbr. Co. v. Greene & W. Tel. Co.*, 127 Iowa 350, 354, it was conceded that a motion to strike is an improper method of testing the sufficiency of matters pleaded in defense, but we said:

"This court has never been very insistent upon technical accuracy in the use of names given to such pleadings as are here involved."

See, also, *Frazer v. Andrews*, 134 Iowa 621, 629; *Seiffert & Wiese Lbr. Co. v. Hartwell*, 94 Iowa 576, 579; 19 Ruling Case Law 671, 672. A motion to dismiss may have the same effect as a demurrer. The objection that the complaint does not state facts to constitute a cause of action may be taken by motion to dismiss. So of the objection that the court has no jurisdiction of the subject-matter of the action. For the purposes of the motion, the allegations of the complaint are to be deemed true, as on demurrer. It will be so treated on appeal, if plaintiff excepts to a dismissal, instead of amending. *Sheridan v. Jackson*, 72 N. Y. 170; *Hibernia Sav. & Loan Society v. Thornton*, 117 Cal. 481 (49 Pac. 573); *Merchants Nat. Bank v. Eckels*, 191 Pa. 372 (43 Atl. 245).

Thus, the trial court had before it the resolution of the board of supervisors, stating the reasons for refusing to grant the petition, and all the facts in regard to the two ditches in the one district, and may properly have concluded that, under all the circumstances, the court would not be justified in reversing the finding of the board. Suppose there had been a trial in the district court, and all the facts shown which were shown in the pleadings and proceedings, and the trial court had then affirmed the action of the board of supervisors, or dismissed the plaintiffs' case, then, under our cases, we would be slow to reverse the district court.

Under the record, and for all the reasons stated, we are of

the opinion that the judgment of the trial court ought to be affirmed. It is—*Affirmed.*

EVANS, FAVILLE, and DE GRAFF, JJ., concur.