SAMUEL ALLERTON, Appellant v. MONONA COUNTY.

**Statutes Pertaining to Remedy:** CHANGE IN: *Effect on suits pending.* McClain's Code, section 1852, provides that, in actions for taxes erroneously or wrongfully assessed for the construction of ditches or drains, it shall only be necessary to show that the lands so taxed were not benefited. Code, section 1947, provides that it shall not be competent in such actions to show that the lands assessed were not benefited by the improvements. *Held,* that, since these statutes pertain exclusively to the remedy, the second, being in force when a petition for the recovery of taxes wrongfully assessed was filed, applied thereto, and, where the sole ground of recovery alleged was that the lands were not benefited, a demurrer to the petition was properly sustained.

*Appeal from Monona District Court.*—HON. FRANK R. GAYNOR, Judge.

TUESDAY, MAY 22, 1900.

DEFENDANT's demurrer to the plaintiff's petition was sustained; and, plaintiff electing to stand on his petition, judgment was rendered against him, from which he appeals. —*Affirmed.*

*S. H. Cochran* for appellant.

*E. H. Hubbard* and *B. F. Ross* for appellee.

GIVEN, J.—On October 15, 1897, the plaintiff filed his petition in two counts, asking to recover one thousand four hundred and twenty-nine dollars and seventy-four cents, taxes levied upon lands owned by him to pay for constructing a ditch, which taxes he paid under protest, and which the defendant's board of supervisors refused to order refunded. The sole ground alleged for recovery is that the construction of the ditch is of no benefit whatever to plaintiff's land. No

allegations are made showing that the tax was for any other reason illegal. The defendant demurred to each count on the ground that they fail to set forth any matter on account of which the said tax is erroneous, illegal, or contrary to law. Plaintiff relies upon the provisions in section 1852, Mc-Clain's Code, that, in actions for recovery of taxes errone-ously or wrongfully assessed, "it shall only be necessary to prove that such lands so assessed were not benefited by the location, construction or maintenance of such ditch, drain or water course." Section 1947 of the present Code, which took effect prior to the filing of this petition, and prior to the holding on the demurrer, provides that, on appeals from the assessment made in such cases as this, "it shall not be competent to show that the lands assessed were not benefited by the improvement." These statutes simply fix a rule of evi-dence. The rule pertains exclusively to the remedy, and it was within the power of the legislature to change it. See Cooley, Constitutional Limitations, section 450; *Southwick v. Southwick*, 49 N. Y. 510; *Parsons v. Carey*, 28 Iowa, 431; *Wormley v. Hamburg*, 40 Iowa, 22; *Wood v. Brolliar*, 40 Iowa, 591; *Land Co. v. Soper*, 39 Iowa, 112; *Tilton v. Swift*, 40 Iowa, 78; *Drake v. Jordan*, 73 Iowa, 707; *Kossuth County v. Wallace*, 60 Iowa, 508; *Richman v. Board*, 70 Iowa, 627; *Chambliss v. Johnson*, 77 Iowa, 611. This case having been tried under the present Code, the rule of evidence therein prescribed applies. *Wormley v. Hamburg* and *Wood v. Brolliar, supra*. It is certainly clear that the present Code controls, and that under it plaintiff cannot be permitted to prove that his land is not benefited by the ditch. It follows therefrom that in neither count has he shown that the tax is illegal, or that he is entitled to recover as demanded. This conclusion fully disposes of the case, and it is unnecessary that we consider the other questions raised by the demurrer to the second count of the petition. The demurrer was properly sustained.—AFFIRMED.