Chicago, Rock Island & Pacific Railway Co., Appellant, v. Wright County Drainage District et al., Appellees.

DRAINS: Assessment of Benefits—Appeal—Presumption. An assessment of benefits for a drainage improvement, regularly made by the officers upon whom that duty is laid by statute, and approved by the lower court on appeal, is clothed with a presumption of correctness so strong that the burden of proof is on appellant in the Supreme Court to make some affirmative showing of substantial grounds of invalidity.

DRAINS: Assessment of Benefits—Appeal—Question at Issue. The limit of the right of the landowner, on appeal from an assessment of benefits for a drainage improvement, is to show that the

assessment is not an "equitable apportionment." He may not show that his lands *have not been benefited at all.* The question whether his lands would receive *some* benefit was fully adjudicated at a former stage of the proceeding, to wit, when the district was established and the lands were included therein. (Sec. 1989-a 12, Code Supp., 1913.) It necessarily follows that the court cannot *wholly set aside* such assessment. It may *reduce,* but only on a clear showing of inequitableness.

**DRAINS:** Assessment of Benefits—Railway Right of Way—Equitableness of Assessment—Acreage Basis—Market Value. An assessment of benefits on a railway right of way for a drainage improvement will not be condemned as inequitable because, *on an acreage basis,* it is materially greater than on farm lands in the district. The very nature of the right of way forbids such comparison. Neither will such assessment be condemned because it can be shown that no immediate increase in market value of the right of way took place.

**DRAINS:** Assessment of Benefits—Assessment Exceeding Benefits. An assessment of benefits for a drainage improvement is not necessarily invalid because in excess of benefits.

**DRAINS:** Assessment of Benefits—Railway Right of Way—Equitableness of Assessment—Acreage Basis—Market Value.

**DRAINS:** Assessment of Benefits—Appeal—Question at Issue.

*Appeal from Wright District Court.*—C. E. Albrook, Judge.

WEDNESDAY, NOVEMBER 24, 1915.

REHEARING DENIED FRIDAY, APRIL 7, 1916.

THE plaintiff's right of way having been assessed for its alleged proportion of the cost of ditches constructed in the drainage district named in the caption, it appealed therefrom to the district court where the assessment was confirmed, and plaintiff now prosecutes a further appeal to this court.

*F. W. Sargeant, Robert J. Bannister, J. H. Johnson* and *Ladd & Rogers,* for appellant.

*Peterson, McGrath & Archerd,* for appellees.

WEAVER, J.—Drainage District No. 43 includes an area of about 1,008 acres, and the total cost of the improvement is about $10,000. The plaintiff's right of way, 100 feet wide, extends into and across the district for a distance of about 1 2/10 miles, and is crossed in three places by the main ditch or laterals. The assessment laid upon the right of way is $682.97. There is no objection to the regularity of the organization of the district or to the proceedings leading up to the final assessment of benefits. The one proposition, though stated in various ways, is that the assessment is inequitable and not according to benefits, and that plaintiff's right of way received no benefit whatever from the improvement. Aside from exhibiting a map of the district and of the several tracts or parcels of land therein, together with the assessment list, the testimony on part of plaintiff is confined to the single proposition just mentioned—that its property within the district has received no benefit and should therefore be charged with no part of the expense.

The assessment, having been regularly made by the officers upon whom that duty is laid by the statute, and having been affirmed on appeal by the court, comes to us with every presumption in its favor, and the burden is upon the appellant to make some affirmative showing of substantial grounds for its complaint. It is not enough for it to say or to produce witnesses who may swear that it has received no benefit whatever. No amount of that kind of evidence can avail to overthrow the assessment. The statute expressly provides that, upon appeal from an assessment of this nature, it shall not be competent for the appellant to show that its property has not been benefited by the improvement. Code Section 1947; Sec. 1989-a12, Code Supp., 1913. The fact that it is benefited is conclusively settled by the action of the board of supervisors in including it within the territory of the drainage district after due notice and opportunity to be heard is

1. DRAINS: assessment of benefits: appeal: presumption.

2. DRAINS: assessment of benefits: appeal: question at issue.

given the owner. That question cannot be reopened upon an appeal from the assessment of benefits. *Zinser v. Board of Supervisors,* 137 Iowa 660; *Allerton v. Monona County,* 111 Iowa 560; *Ross v. Board of Supervisors,* 128 Iowa 427, 439; *Kelley v. Drainage District,* 158 Iowa 735, 746.

If, therefore, we reject as incompetent the evidence adduced by the plaintiff that its property was not benefited by the improvement, there is little, if anything, left in the record on which to base a finding that the assessment is excessive or is materially out of proportion to the benefits. True, if figured out on a mere acreage basis, the amount assessed is materially greater than the average assessment laid upon the farm lands in the district; but that in itself is quite manifestly an insufficient ground for setting aside or reducing the assessment, for the statute does not contemplate the treatment of the right of way solely as a mere fraction of the agricultural area in which it is found. Upon it is placed the plaintiff's road, over which commerce is carried on. Upon it are the graded roadbed, the ties, rails, bridges, culverts, fences and whatever more is found convenient in caring for and promoting the business to which it is devoted. That it was competent for the board of supervisors, notwithstanding the denial by plaintiff's witnesses, to take all these matters into consideration and to find that the solidity and safety of the roadbed, the effective life of the ties, the maintenance of the track, culverts, bridges and fences, would be materially promoted by drainage of the swamp and surface waters from its right of way and from the immediately adjacent premises, cannot be doubted. Then, too, the right to assess is not dependent upon a showing of benefits in the shape of an immediate increase in market values, but actual values, intrinsic value or worth. *Camp v. City of Davenport,* 151 Iowa 33, 38, and cases there cited.

3. DRAINS: assessment of benefits: railway right of way: equitableness of assessment: acreage basis: market value.

Nor is an assessment necessarily invalid because the evidence shows that the assessment exceeds the benefits. *Jack-*

*son v. Board of Supervisors,* 159 Iowa 673, 676; *Collins v. Board of Supervisors,* 158 Iowa 322. The

**4. DRAINS: assessment of benefits: assessment exceeding benefits.** thing which the board is to effectuate in an assessment is an "equitable apportionment" of the costs and expenses of the project (see

Sec. 1989-a12, Code Supp., 1913) ; and while the fact, if it be shown, that the assessment is greater than the benefit, is doubtless a legitimate item of evidence to be considered with all other competent testimony in determining whether the apportionment is inequitable, it is in itself no ground for relief on appeal from the action of the board.

Plaintiff's case, as made by the testimony, is substantially this: (1) That its right of way is in no manner benefited by the drainage; and (2) that the assessment shows that, on an

**5. DRAINS: assessment of benefits: railway right of way: equitableness of assessment: acreage basis: market value.** acreage basis, the right of way is assessed at a considerably higher rate than the agricultural lands of the district. Evidence of the first, as we have seen, is declared incompetent by statute, and the second, for reasons already stated, is of itself of a very inconclu-

sive character and wholly insufficient to overcome the presumption of corrections which attaches to an assessment regularly made. Many other considerations concerning which there is no evidence in this record may properly have influenced the judgment of the board. *Jackson v. Board of Supervisors,* 159 Iowa 676; *Chicago, R. I. & P. R. Co. v. City of Centerville,* 172 Iowa 444; *Chicago & N. W. R. Co. v. Board of Supervisors of Hamilton County,* 171 Iowa 741; *Northern Pac. R. Co. v. City of Seattle* (Wash.), 91 Pac. 244.

Under the presumption of benefits derived from a local improvement constructed by statutory authority after due notice to the property owner, and under the inhibition of

**6. DRAINS: assessment of benefits: appeal: question at issue.** evidence to the effect that no benefits have in fact been received, neither the district court nor this court is authorized to set aside the levy, and the utmost relief which it can grant

in any case is to modify or reduce a given assessment. Nor can this measure of relief be given except upon clear and satisfactory showing that, after considering the various elements which may properly enter into the estimate, the court is satisfied that the assessment has been inequitably apportioned. If such showing is not made, the assessment must stand. In *Camp v. City of Davenport*, 151 Iowa 36, it was held that evidence upon part of the property owner that his property was in no manner benefited, while, on the other hand, witnesses expressed the opinion that the property was benefited, without stating the amount, was insufficient to justify the court in interfering with the assessment, and an order of the trial court making a reduction was reversed. The cited case is the more in point, in that it involved the application of a statute which does not forbid proof of the lack of all benefits. The plaintiff, having the burden of negativing the existence of any fact or condition which could have justified the board in making the assessment complained of, has distinctly failed to make such showing, and the record presents no valid ground on which the relief asked can be granted. Our holding in the recent case, *Chicago & N. W. R. Co. v. Hamilton County, supra,* is in no way inconsistent with our pronouncement in the case at bar. There, a reduction of the assessment had been made by the trial court, and the judgment came up to us with the usual presumptions in its favor. Upon such presumption, supported by a showing of evidence differing quite materially in some respects from that now before us, we refused to interfere with and affirmed the finding below. It is true that cases of this class are tried as in equity and are heard *de novo,* but this does not exclude the idea that we should pay due respect to the finding of the board of supervisors, which is the statutory tribunal of original jurisdiction. As we have frequently said, the members of the board are upon the ground, and they properly act upon and determine these assessments to a large degree from personal inspection and personal knowledge of the situation of each

piece of property affected by their action, and assuming, as we must, that they are men of presumably fair degree of intelligence, actuated by an honest purpose to make an equitable distribution of the burden, it is always extremely probable that their conclusions are more nearly correct than an estimate made by the court, which has before it only the meager showing appearing in a printed abstract. And when such assessment passes the test of the trial court sitting in the locality of the improvement and in the very atmosphere of the controversy and with the witnesses before it, it ought to and does require a clear and strong case for the appellant. to necessitate a finding that such assessment is erroneous. *Temple v. Hamilton County*, 134 Iowa 706.

Such a case not having been here made, the judgment of the trial court will be—*Affirmed*.

Evans, C. J., Deemer and Preston, JJ., concur.