W. S. MAYNE, Appellant, v. BOARD OF SUPERVISORS et al., Appellees (and one other case).

**DRAINS:** Establishment—Conclusive Finding as to Benefits—Re-
1 classification. The act of establishing a public drainage im-
provement embraces a conclusive finding that all lands included
.within the district will be specially benefited by the improvement,
and, in proceedings to improve the ditch and render it effective,
said former finding is not open for review.

**DRAINS:** Assessments—Inequitableness—Evidence. It cannot be
2 determined that an assessment is inequitable, in the absence of
evidence properly comparing such assessment with other assess-
ments within the district.

*Appeal from Pottawattamie District Court.*—O. D. WHEELER,
Judge.

WEDNESDAY, DECEMBER 13, 1916.

APPEALS by landowners from assessments for drainage
purposes.—*Affirmed.*·

*Mayne & Green,* for appellants.

*John P. Organ,* for appellees.

LADD, J.—The Pigeon Creek Drainage District was es-
tablished in 1906, the lands therein classified and assessed,
and the ditch excavated. It extended from the northeast in
a southwesterly direction through Section 23,
1. DRAINS: estab-  the right of way of the C. & N. E. R. Co.,
   lishment: con-
   clusive finding   into Section 22, then a little west of south
   as to benefits:
   reclassification.  through the right of way of the Illinois Cen-
tral R. Co., and from there on to the SW¼ SE¼ of Section
34. The Missouri River was about a half mile farther on,
but it was thought the action of the waters would wash out
a channel to the river. This did not happen as expected, and

banks of the ditch at the bend where it passed through the right of way of the Illinois Central R. Co. washed considerably, so that the improvement did not prove entirely efficient. The matter was submitted to an engineer, who made report, recommending that that bend in the ditch be made less abrupt, and a new ditch be excavated from there in a southerly direction into the Missouri River. The report was approved, and the lands of the district ordered to be reclassified. To the report of the commissioners appointed so to do, W. S. Mayne, who owned 560 acres of land included in the district, objected, for that: (1) The assessment is inequitable and not according to law; and (2) the land is not and never has been overflowed from or affected or drained by Pigeon Creek or territory tributary to Pigeon Creek ditch, but lies in a separate watershed. He asked that the assessments against each of the several tracts be annulled, and for equitable relief. His lands lie in the bend of the river, in Sections 30 and 31 of the township containing the sections heretofore mentioned. Pigeon Creek flowed from the hills over the bottom, and emptied into the Missouri River immediately north of the northeast 40 of W. S. Mayne's land. The ditch as at first excavated diverted all the waters of this creek and carried them to the south. The evidence tended to show that a ridge extended from near the center of Section 32, northwest to near the river in the SW¼ SE¼ of Section 30, and that from this ridge the land sloped west and southwest toward the river, and that the lands east and north of the ridge were so much lower than the ridge that neither surface waters nor those coming from Pigeon Creek, except when backed therein from the Missouri River, ever flowed over the ridge and onto the land south and west of said ridge, and that, therefore, neither the original ditch nor the changes made were of any benefit to Mayne's land. That inquiry was not open for investigation; for, in establishing the district, the board of supervisors found, by including his lands therein, that they would be benefited thereby.

*Wood v. Board of Supervisors,* decided at this session of court
(May 22, 1917).   The improvement was constructed and
apportionment of costs and expenses made, on the theory
that it would prove efficient, and drain all the lands included
in the district as proposed.   If the drainage of part of the
territory is not effected as proposed, and the ditch must be
repaired, enlarged, reopened, deepened, widened, straight-
ened or lengthened (Section 1989-a21, Code Supp., 1913) to
accomplish this, then it is but fair that all the lands in the
district bear the burden.   In such a situation, the owners
of the territory not efficiently drained have been assessed
on the basis of benefits not received, while owners of other
lands efficiently drained have been assessed too low for the
benefits conferred.   The distribution of the cost of perfect-
ing the enterprise equalizes these inequalities, and there is
no ground for complaint that assessments for such changes
are levied on lands benefited by the improvement as a whole;
that is, the original construction and the correction made.
For these reasons, Section 1989-a12 of the Code Supplement,
1913, provided that the "classification when finally estab-
lished shall remain as a basis for all future assessments
connected with the objects of said levee or drainage district,
unless the board, for good cause, shall authorize a revision
thereof."

Any revision thereof could not obviate the original find-
ings as to the benefit to be derived from a specified improve-
ment, and it is not competent, either originally or on report
of commissioners to apportion costs and expenses of changes
such as here made, to raise an objection that any of the lands
included in the district will not be benefited thereby.

It is argued, however, that the assessments are inequi-
table.   This can only be ascertained from comparison with
the assessments against other lands in the district, taking
2. DRAINS: assess-   into account the differences between the sev-
ments: inequit-      eral tracts in connection with the amount to
ableness: evi-
dence.               be raised.   No evidence of this kind is to be

found in the record, and for this reason we are unable to say whether the assessments are inequitable or not, and therefore the presumption in favor of the action of the board of supervisors and trial court must prevail. What we have said disposes of the appeal of George H. Mayne.

The orders in both cases are—*Affirmed.*

EVANS, C. J., GAYNOR and SALINGER, JJ., concur.