L. MATHWIG, Appellee, v. DRAINAGE DISTRICT No. 29, EMMET COUNTY, et al., Appellants.

**APPEAL AND ERROR:** Appealable Judgment—Action Enjoining and Canceling Drainage Assessments. An order enjoining and canceling .drainage assessments is appealable on the part of the drainage ·district, irrespective of the amount involved.   Secs. 4101, 4110, Code, 1897.

**DRAINS:** "Repairs"—Additional Tile Not New Drain—Classification of Benefits. The construction of an additional tile of equal sizĕ, for the purpose of assisting in carrying off water, parallel with an existing tile which is a part of the drainage system, and as an outlet for several laterals emptying into an open ditch, which was· inadequate to carry off the water, was not a new drain, but a "repair," under Sec. 1989-a21, Code Supp., 1913, and could be constructed without the appointment, under Sec. 1989-a12, Code Suppl. Supp., 1915, of· commissioners to classify lands for assessment of benefits.

*Appeal from Emmet District Court.—N. J. LEE, Judge.*

MARCH 20, 1919.

REHEARING DENIED JANUARY 26, 1920.

APPEAL from a decree canceling certain drainage assessments.—*Reversed.*

*Morse & Kennedy,* for appellants.

*E. A. Morling* and *C. W. Crim,* for appellee.

STEVENS, J.—The drainage district in question .is No. 29, in Emmet County, and consists of a main, open ditch, several miles in length, and numerous laterals. The town of Huntington, which is included within the boundaries of the district, lies north of a public highway near the north line of the district. From the highway referred to,. extending in a south and southeasterly direction for approximately 3,953 feet, there is a 12-inch tile, which is a part of the drainage system, which empties into the open ditch. Several laterals

are connected therewith. It appears without dispute in the evidence that large quantities of surface water accumulate in the vicinity of Huntington, which the tile in question, on account of its size, is incapable of discharging into the open ditch, and that, as a result, a large pond covering several acres formed at certain times in the vicinity of the highway south of Huntington. An engineer was appointed by the board of supervisors to examine into the proposition and report a plan for improving the outlet at this point. He recommended that the drain referred to be enlarged by the construction of another tile of equal capacity parallel therewith, and that the intake at the highway be enlarged. The board of supervisors, by resolution, adopted the recommendation of the engineer, and caused notice to be served upon all of the property owners within the district, a large number of whom appeared and filed objections thereto. The board of supervisors levied an assessment equal to 6 per cent of the amount levied upon each tract within the district for the original cost of the improvement. Upon appeal, some of these assessments were canceled, and others reduced.

I. Counsel for appellee have filed a motion to dismiss this appeal, upon the ground that the amount involved is less than $100, and no certificate was issued, as provided by Code Section 4110. Plaintiff in his petition asked and was granted injunctive relief, and it is immaterial that the controversy involves less than $100. *LaGrange v. Skiff*, 171 Iowa 143. The appeal is also proper under Section 4101 of the Code. The motion to dismiss is, therefore, overruled.

1. APPEAL AND ERROR: appealable judgment: action enjoining and canceling drainage assessments.

II. It is contended by counsel for appellee, and this is the principal question involved upon this appeal, that the proposed improvement is not in the nature of a repair of

the improvement, but amounts to the con-

2. DRAINS: "re-
pairs:" addi-
tional tile not
new drain:
classification
of benefits.

struction of a new drain for the benefit of certain lands penetrated thereby, or in the immediate vicinity thereof, and that the land of appellant receives no benefit therefrom, and should not be taxed for any part of the cost thereof.

It appears from the evidence that a considerable part of the district is improperly drained, because the tile is too small; but the evidence is practically undisputed that the line in question is much more inefficient than other parts of the system. Vast quantities of water accumulate in the vicinity of this tile, forming a large pond on the land north thereof.

Section 1989-a21, Code Supplement, 1913, authorizes the board of supervisors, after the completion of a drainage improvement, "to keep the same in repair and for that purpose they may cause the same to be enlarged, re-opened, deepened, widened, straightened or lengthened for a better outlet, and they may change or enlarge the same or cause all or any part thereof to be converted into a closed drain when considered for the best interests of the public rights affected thereby."

The word "outlet," as used in this section, manifestly includes more than the final outlet of the entire system. The tile ditch which it is proposed to enlarge empties into a large open ditch, which forms the outlet for all of the drainage of the district; but the tile in question forms the outlet for the several laterals mentioned, and a large amount of surface water accumulating in the vicinity thereof. That same is inadequate to carry the water is shown without dispute in the record. The effect of the proposed improvement is to enlarge this outlet, and, it seems to us, it clearly comes within the provisions of Section 1989-a21.

The court, in *Kelley v. Drainage Dist.*, 158 Iowa 735,

although Section 1989-a21 was not involved in the questions presented upon that appeal, used the following language, which is here quoted with approval:

"It does not follow, however, that relief by way of supplying an adequate outlet for the existing district was not available under Section 1989-a21 of the Code Supplement, which declares that, 'whenever any levee or drainage district shall have been established and the improvement constructed as in this act provided, the same shall at all times be under the control and supervision of the board of supervisors and it shall be the duty of the board to keep the same in repair and for that purpose they may cause the same to be enlarged, re-opened, deepened, widened, straightened or lengthened for a better outlet, and they may change or enlarge the same or cause all or any part thereof to be converted into a closed drain when considered for the best interests of the public rights affected thereby.' Whether such enlargement of the outlet be effected by widening and deepening the existing ditch or excavating another parallel with it, or whether this be done by removing tile and replacing it by that of larger size, or by laying another tile drain parallel with that already laid, can make no difference; for, in either event, the result is the enlargement of the outlet which is here authorized, and the costs of which are to be assessed as subsequently directed in the same section. It is enough for the purposes of this case, however, that the proceedings were authorized by and in pursuance of the statute first quoted."

. To the same effect see *Smith v. Monona-Harrison Drain. Dist.*, 178 Iowa 823.

It is also argued by counsel for appellee that Section 1989-a12 of the Supplemental Supplement, 1915, requires boards of supervisors, where it is sought to repair, enlarge, re-open, or clear obstructions from a ditch, to a point a commission to classify the lands benefited thereby for assess-

ment.   The material portion of this statute is as follows: ·

"When the levee or drainage district or other improve-
ment herein provided for shall have been located and estab-
lished as provided for in this act, or when it shall be neces-
sary to cause the same to be repaired, enlarged, re-opened
or cleared from any obstruction therein, unless such repairs,
re-opening or clearing of obstructions can be paid for as
hereinafter provided, the board shall appoint three commis-
sioners, one of whom shall be a competent civil engineer
and two of whom shall be resident freeholders of the state
not living within the levee or drainage district and not in-
terested therein or in a like question, nor related to any
party whose land is affected thereby; and they shall with-
in twenty days after such appointment begin to personally
inspect and classify all the lands benefited by the location
and construction of such levee or drainage district, or the
repairing or re-opening of the same, in tracts of forty acres
or less according to the legal or recognized subdivisions in
a graduated scale of benefits, to be numbered according to
the benefit to be received by the proposed improvement;
and they shall make an equitable apportionment of the costs,
expenses, costs of construction, fees and damages assessed
for the construction of any such improvement, or the re-
pairing or re-opening of the same, and make report thereof
in writing to the board of supervisors."

Section 1989-a21 of the 1913 Supplement to the Code,
referring to improvement authorized thereby, provides as
follows:

"The cost of such repairs or change shall be paid by the
board from the drainage fund of said levee or drainage dis-
trict, or by assessing and levying the cost of such change or
repair upon the lands in the same proportion that the orig-
inal expenses and cost of construction were levied and as-
sessed,   *   *   *"

The proceedings in controversy are under and author-

ized by this section, and it was not necessary that commissioners to classify the lands for assessment be appointed. Presumptively, all the lands within the drainage district were assessed for an equitable proportion of the original cost of the improvement, and upon the assumption that the same would be effectual to accomplish its intended purpose; and if it later appeared that it had, in part, failed to do that, the entire district should share in the necessary expense of providing the drainage originally contemplated. *Mayne v. Board of Supervisors*, 178 Iowa 783; *Thielen v. Board of Supervisors*, 179 Iowa 248.

It follows, therefore, that the judgment and decree of the court below, in so far as the same canceled or reduced any of the assessments complained of, is—*Reversed.*

LADD, C. J., EVANS and GAYNOR, JJ., concur.