WILLIAM H. PLUMMER, Appellant, v. BOARD OF SUPERVISORS OF HARRISON COUNTY et al., Appellees.

**DRAINS: Scope of Subdistrict.**   A subdrainage district, established
1   on the petition of a landowner whose lands are separated from the
main ditch by the lands of another, with whom petitioner is unable
to agree, may embrace benefited lands, *even though they do not lie*

*between the main ditch and the lands belonging to petitioner.*   (Sec. 1989-a23, Code Supp., 1913.)

**DRAINS: Subdistrict Because of Inability to Agree with Landowner.**
2 A landowner who files with the board of supervisors *objections to the establishment,* under Sec. 1989-a23, Code Supp., 1913, of a drainage subdistrict, will not be heard to say that petitioners made no showing of their inability to agree with said objector as to the terms and conditions on which petitioners might enter upon objector's lands.

**DRAINS: Presumption of Benefits.** The inclusion by the board of
3 supervisors of lands within a drainage district is the exercise of a legislative power, and creates a conclusive presumption that said lands will be benefited in *some* degree.

*Appeal from Harrison District Court.*—E. B. WOODRUFF, Judge.

JANUARY 18, 1921.

REHEARING DENIED JUNE 25, 1921.

Appeal from the establishment of a subdrainage district.—*Affirmed.*

*Cochran & Wolfe* and *Robertson & Robertson,* for appellant.

*Bolter & Murray, Roadifer & Roadifer, P. E. Roadifer,* and *H. H. Roadifer,* for appellees.

FAVILLE, J.—On November 4, 1919, certain landowners within Upper Boyer Drainage District, in Harrison County, petitioned the board of supervisors of said county for the establishment of a subdrainage district. The appellant appeared before the board of supervisors and filed objections to the establishment of said subdistrict, which objections were disallowed, and said subdistrict established. Thereupon, the appellant appealed to the district court of Harrison County, which affirmed the decision of the board of supervisors; and from such action of the court, this appeal is prosecuted.

1. DRAINS: scope of subdistrict.

In argument, the appellant concedes that the petition filed before the board of supervisors fully complied with the pro-

visions of Section 1989-a23, Code Supplement, 1913, relating to the establishment of subdistricts. Said section provides:

"If any person who owns land within the drainage district which has been assessed for benefits and which is separated from the ditch, drain or watercourse for which it has been assessed, by the land of another or others, shall desire to ditch or drain his said land across the land of such other or others into such ditch, drain or watercourse and shall be unable to agree with such other or others on the terms and conditions on which he may enter upon their lands and construct such drain or ditch, he may proceed in the manner in this section provided, and the ditch or drain which he shall construct or cause to be constructed shall be considered to be conducive to the public health, welfare, convenience and utility to promote which said drainage district was established."

I.    Appellant's contention is that, while the lands of the petitioners, as well as those of the appellant, lie within the boundaries of the Upper Boyer Drainage District, the lands of appellant do not lie *between* the lands of said petitioners and the ditch already established in the district, and hence cannot be included in the subdistrict. Before a subdistrict can be created, under said section, it must appear that the land of a petitioning landowner within the district is "separated from the ditch, drain, or watercourse for which it has been assessed, by the lands of another or others." Appellant contends that the decree should be reversed because his lands which are included in the subdistrict do not lie "between the lands of the petitioners and the ditch." There is no question but that there are lands that do lie between those of the petitioners and the ditch, but appellant contends that none of *his* are so situated, and that, therefore, his lands cannot be legally included in the subdistrict.

By legislative requirement, we are compelled to construe the drainage laws liberally, for the purpose of promoting drainage. We think the contention of the appellant would require us to construe this statute in a very narrow and limited way, rather than liberally. Conceding that it is a prerequisite to the establishment of a subdistrict under this statute that some lands must be situated between the lands of the petitioner and the ditch, it does not necessarily follow that no lands can be in-

cluded in the subdistrict except such as are so situated. In the instant case, the record shows that the subdistrict improvement does not pass through appellant's land, in going from the land of the petitioners to the main improvement; but the undisputed evidence also shows that the appellant's lands receive a substantial benefit from the establishment of the subdistrict.

Assume that A, B, and C own lands within an established district, and that, in order for A to reach the ditch of the main district, he must traverse the lands of B, and he petitions the board of supervisors to establish a subdistrict. If appellant's contention is correct, the board of supervisors, in establishing such subdistrict, could not include therein the lands of C, not so traversed, even though the improvement in the subdistrict actu-. ally benefited C's lands by furnishing a nearer outlet, or the like.

In the instant case, the improvement in the subdistrict in fact goes upon, even though it does not cross, certain lands belonging to the appellant. It is designed to care for flood waters, and prevent them from spreading over a portion of appellant's land. It provides for the drainage of a swamp, a portion of which is upon appellant's lands, and which it is impracticable to drain without draining the portion located on appellant's land. It also appears that the proposed improvement in the subdistrict will afford appellant a better outlet for a portion of his tile.

We have not attempted to set out the record in full, nor to pass upon and determine the extent of benefits conferred upon appellant's land. On the legal question presented, we hold that, where the lands of a landowner within a drainage district are, in fact, benefited by the creation of a subdistrict, the lands of such owner can properly be included in such subdistrict, even though his particular lands may not be the lands actually situated between the lands of the petitioner and the main improvement. It is the matter of added benefit that determines, in this instance, the right to include appellant's land in the subdistrict, and not merely the situation of said lands with relation to those of the petitioners and the main improvement.

The primary object of the statute is to permit a landowner whose lands are removed from a ditch within a drainage dis-

trict, and who cannot agree with the owner of lands between his lands and the ditch, to petition for the establishment of a subdistrict. We think, however, that, when such a condition exists, and, on due notice, a subdistrict is established, the board of supervisors is not necessarily limited to including within the subdistrict only the lands of the petitioner and those lying between said lands and the ditch, but that the board may properly include other lands in the district which are, in fact, actually benefited by the subdistrict improvement. It may frequently happen, as in the case at bar, that it would be wholly impracticable, if not entirely impossible, to construct a drain from the lands of a petitioner to the main drain without conferring an actual benefit on some other landowner. In such event, we do not think that the landowner so benefited can complain of the establishment of the subdistrict, merely because his benefited lands do not lie between those of the petitioner and the main improvement.

II. Again, it is argued by appellant that, while the petition so alleged, the evidence failed to establish that the petitioners have been unable to agree with appellant regarding the terms and conditions on which they might enter appellant's land with the proposed improvement. The appellant's contention is that this is a jurisdictional matter, and that the petitioners must prove an attempt and failure at such agreement, or else the petition should have been dismissed.

2. DRAINS: subdistrict because of inability to agree with landowner.

The petition before the board of supervisors contained all the essential allegations. Just what would have been the effect or what course should or would have been followed if, at the time of hearing, the appellant had proven an agreement with the petitioners regarding the establishment of the improvement petitioned for, we need not and do not determine. One thing is very apparent, and that is that the parties, at the time the board of supervisors was called upon to act, were, in fact, "unable to agree" in the matters. The objections filed by appellant before the board of supervisors were ample evidence of an inability to agree. The board of supervisors had jurisdiction, on a proper petition and a proper notice. Even if it might have lost jurisdiction upon proof that appellant and all other landowners were

prepared to agree to all the relief petitioners asked, it can scarcely be said that the board of supervisors lost jurisdiction because the appellant himself furnished proof that no such agreement had been reached as to him. Furthermore, no such objection appears to have been filed or urged before the board of supervisors, and therefore appellant is in no position to urge it before this court.

III. It is strenuously argued by appellant that his lands are not, in fact, benefited by the proposed improvement, and should not be included in said subdistrict. The determination of what particular lands should be included within the boundaries of a drainage district is peculiarly a matter within the discretion of the board of supervisors. Our holdings indicate that this is the exercise of legislative power which the courts cannot review. *Chicago & N. W. R. Co. v. Board,* 182 Iowa 60; *Prichard v. Board of Supervisors,* 150 Iowa 565, 584; *Ross v. Board of Supervisors,* 128 Iowa 427; *In re Drainage Dist.,* 146 Iowa 564; *Chicago, M. & St. P. R. Co. v. Monona County,* 144 Iowa 171.

3. DRAINS: presumption of benefits.

We have also held that a resolution of the board of supervisors establishing a district constitutes a conclusive finding that all lands included therein will be specially benefited by the improvement. *Chicago, R. I. & P. R. Co. v. Wright County Drain. Dist.,* 175 Iowa 417; *Kelley v. Drainage Dist.,* 158 Iowa 735; *Wood v. Honey Creek Dr. & L. Dist.,* 180 Iowa 159; *Mayne v. Board of Supervisors,* 178 Iowa 783.

In any event, were the question one for our consideration, under the record, we should hold that the board of supervisors was abundantly justified in finding that the appellant's lands were benefited by the improvement.

Error is predicated on the ground that leading questions were propounded to a witness. The case was tried in equity. The lower court made no ruling on the objections. The matter was one for the trial court to govern. In any event, there was no error here.

A careful examination of the record satisfies us that the decree of the lower court was correct, and it is—*Affirmed.*

EVANS, C. J., STEVENS and ARTHUR, JJ., concur.