AMOS O. NERVIG, Appellant, v. JOINT BOARDS OF SUPERVISORS OF POLK AND STORY COUNTIES, Appellees.

JULIUS H. T. ENGLEMAN, Appellant, v. JOINT BOARDS OF SUPERVISORS OF POLK AND STORY COUNTIES, Appellees.

**DRAINS:** Establishment and Maintenance—Petition and Notice in re Repairs. No petition or notice is necessary in proceedings for the *repair* of an existing drainage improvement. (Sec. 1989-a21, Code Supp., 1913.)

**DRAINS:** Assessments—Exclusion and Inclusion of Lands. In proceedings for the repair of a drain, it seems that the act of the board in adding certain tracts to the district and excluding certain other tracts therefrom, and assessing accordingly, is not material, unless the assessment of a complaining landowner was increased thereby.

**DRAINS: Repair of Intercounty Improvement.** The statutory power
3   and authority to repair intracounty drains (Sec. 1989-a21, Code
Supp., 1913) is applicable to intercounty drains.

**DRAINS: Assessments—Reclassification for Repair.** Lands may be
4   reclassified and assessments levied accordingly, whether the work
be "original construction" or "repair."

**DRAINS: Assessments—Inequitableness.** It is futile to assert, on ap-
5   peal, that an assessment is excessive and inequitable, unless such
assertion has basis in the evidence.

**DRAINS: Establishment and Maintenance—Interested But Nondecid-**
6   **ing Vote.** Drainage proceedings are not rendered illegal by the
nondeciding vote of a supervisor who is financially interested in
the improvement.

*Appeal from Polk District Court.*—LAWRENCE DE GRAFF, Judge.

MAY 9, 1922.

APPEAL from a drainage assessment. The facts are fully
stated in the opinion.—*Affirmed.*

*Brockett, Strauss & Blake* and *Tesdell & Mackaman,* for
appellants.

*Bert B. Welty,* for appellees.

ARTHUR, J.—By joint action of the boards of supervisors
of Polk and Story Counties, the Polk-Story Drainage District
No. 1 was established in 1906. The improvement consisted of a
main open ditch, about 5,600 feet in length, with two open lat-
erals, designated as Laterals a and b. The aggregate length
of the open ditches was approximately three miles. By 1916,
the ditches required cleaning out and repairing. The boards
of supervisors of Polk and Story Counties, acting separately or
jointly, employed an engineer to examine the improvement and
report whatever repairs or changes were necessary to provide
effective drainage for the land located within the district. The
engineer, some time later, reported in favor of changing the
ditches from open to closed drains, and attached to his report
an itemized schedule, showing the changes and the approximate

cost thereof. The recommendation of the engineer was approved, and tiling ordered placed in the ditches so as to leave sufficient open drainage above the tile for the escape of surface floods. The change was finally completed, without objection on the part of appellants, at a cost of approximately $33,000, which was in the neighborhood of three times the cost of the original improvement. After the change and repairs were completed, the joint boards, by resolution, declared that the original classification was inequitable, and ordered the appointment of a commission, for the purpose of making a new classification of the lands within the district for assessment purposes. The commission reported in due time a new classification, which was approved by the joint boards, and notice thereof ordered given to the proper parties. Notice was duly published, and both appellants, within the time fixed therein, appeared and filed objections to the assessment of certain 40-acre tracts owned by them respectively. The objections were overruled by the board, and the cost of the improvement laid upon the land in accordance with the classification and report of the commissioners. Nervig and Engleman, appellants herein, appealed to the district court from this assessment. A trial in the district court resulted in a decree confirming the board's assessment. It is from this judgment and decree that appellants have appealed.

The assessment laid upon the SE¼ of the NW¼ of Section 3, Township 81, Range 24, Polk County, owned by Nervig, was $2,376. The assessment for the original cost was $612.33. The assessment laid upon other tracts owned by him was nominal only. Engleman owned the NW¼ of the SW¼ of Section 3, Township 81, Range 24, on which an assessment of $2,019.60 was laid. The assessment upon this tract for the cost of the original improvement was $505.17. The assessment upon other tracts owned by this appellant was as follows: The NE¼ of the SW¼ of Section 3, $376.20; the NE¼ of the SE¼ of Section 4, $198,—all in township and range aforesaid. The propositions argued and relied upon by appellants for reversal are, in substance, as follows: (a) Irregularity and illegality in the proceedings of the boards of supervisors ordering the improvement.; (b) that the improvement was not in the nature of

repairs, such as are contemplated and authorized by Section 1989-a21 of the Supplement to the Code, 1913, and that, therefore, the boards acted without jurisdiction; (c) that the assessments complained of were not levied in proportion to the cost of the original improvement; (d) that the respective, or joint, boards acted without authority and in excess of their jurisdiction, in causing the lands to be reclassified and in levying the cost of the improvement thereon in accordance therewith; (e) that, in any event, the assessments complained of are excessive, inequitable, and unjust.

I. No petition was filed or notice given to the property owners of the proposed improvement. No notice of proceedings under Section 1989-a21 is necessary. *Breiholz v. Board of*

1. DRAINS: establishment and maintenance: petition and notice *in re* repairs.

*Supervisors*, 186 Iowa 1,147; *Breiholz v. Board of Supervisors*, 257 U. S. — (66 L. Ed. —). Both appellants testified that they at all times favored the change from an open to a closed drain, and the improvement in question, and were present at several, if not all, of the meetings of the joint boards of supervisors, and knew about the recommendations of the engineer, and that the improvement was being constructed in accordance therewith. They did not protest against or file objections to the proposed improvement, nor appeal from the order of the board directing the same to be made. The pending appeal is from the assessment; and the question of illegality or irregularity in the prior proceeding of the boards is not involved. *Kelley v. Drainage Dist.*, 158 Iowa 735; *Chicago & N. W. R. Co. v. Board of Supervisors*, 184 Iowa 590; Section 1989-a46, Code Supplement, 1913.

II. The remaining propositions can be better disposed of together. It appears that certain small tracts of land were added to the district by the board of supervisors, and assessed

2. DRAINS: assessments: exclusion and inclusion of lands.

for the cost of the change and repairs, and that certain other tracts were eliminated from the assessment. These changes are urged by appellants as throwing light upon the nature of the improvement and the intention of the board in ordering same. These facts are material, if at all, in this proceeding only in so far as the assessment of appellants may have been increased thereby. No

evidence was offered on this point. We think the record leaves no doubt that the proceedings were instituted under Section 1989-a21, and that the change from an open to a covered drain, and certain alterations and repairs in the ditches, were all undertaken under the authority conferred thereby. This statute makes it the duty of the board to keep drainage improvements in repair, and "for that purpose they may cause the same to be enlarged, reopened, deepened, widened, straightened, or lengthened for a better outlet, and they may change or enlarge the same or cause all or any part thereof to be converted into a closed drain when considered for the best interests of the public rights affected thereby." The joint boards approved the report of the engineer, and ordered the change and repairs to be made in accordance therewith. The engineer's report provided in detail for the placing of tile in the main and lateral ditches, fixing the dimensions thereof, and for leaving a small open ditch above the tile so as to facilitate the escape of surface water.

These changes and repairs came within the authority specifically conferred upon boards of supervisors by Section 1989-a21, Code Supplement. The point is made by counsel for appellant that the authority · conferred by this statute does not extend to joint improvements such as the one in question. Perhaps it does not, in specific terms, but it does by implication. The point is, in our opinion, without merit.

3. DRAINS: repair of intercounty improvement.

The one vital and troublesome question involved is: Did the assessing bodies exceed their jurisdiction and authority when they ordered a reclassification of the lands and laid the assessments thereon in accordance with such new classification, instead of levying same in the proportion adopted for the original assessment? Section 1989-a12 provides, in part, as follows:

4. DRAINS: assessments: reclassification for repair.

"When the levee or drainage district or other improvement herein provided for shall have been located and established as provided for in this act, or when it shall be necessary to cause the same to be repaired, enlarged, reopened or cleared from any obstruction therein, unless such repairs, reopening or clearing

of obstructions can be paid for as hereinafter provided, the board shall appoint three commissioners, one of whom shall be a competent civil engineer and two of whom shall be resident freeholders of the state not living within the levee or drainage district and not interested therein or in a like question, nor related to any party whose land is affected thereby; and they shall within twenty days after such appointment begin to personally inspect and classify all the lands benefited by the location and construction of such levee or drainage district, or the repairing or reopening of the same, in tracts of forty acres or less according to the legal or recognized subdivisions in a graduated scale of benefits, to be numbered according to the benefit to be received by the proposed improvement; and they shall make an equitable apportionment of the costs, expenses, costs of construction, fees and damages assessed for the construction of any such improvement, or the repairing or reopening of the same, and make report thereof in writing to the board of supervisors. In making the said estimate the lands receiving the greatest benefit shall be marked on a scale of one hundred and those benefited in a less degree shall be marked with such percentage of one hundred as the benefit received bears in proportion thereto. This classification when finally established shall remain as a basis for all future assessments connected with the objects of said levee or drainage district, unless the board, for good cause, shall authorize a revision thereof.''

Section 1989-a21, which reserves jurisdiction in the board and makes it its duty to repair and reopen ditches when necessary, provides in part as follows:

''The cost of such repairs or change shall be paid by the board from the drainage fund of said levee or drainage district, or by assessing and levying the cost of such change or repair upon the lands in the same proportion that the original expenses and cost of construction were levied and assessed. * * *''

It will be observed that the following words found in Section 1989-a12 are omitted from Section 1989-a21:

''Unless the board, for good cause, shall authorize a revision thereof.''

The precise question here presented has not previously been

passed upon by this court. The point was suggested in *Mayne v. Board of Supervisors,* 178 Iowa 783. To give full effect to both sections, they must be construed together. Under Section 1989-a12, the original classification of the lands for assessment is made the basis of all future assessments connected with the improvement, unless the board for good cause shall authorize a revision thereof. Section 1989-a21 relates exclusively to the repair, enlargement, reopening, deepening, widening, straightening, or lengthening of ditches for a better outlet, and the changing or converting from open into closed drains. It has no application to the classification of land for assessment purposes. It provides only that the assessment shall be in the same proportion as the assessment for the cost and expense of the original improvement. Section 1989-a12 confers authority upon boards of supervisors to change the classification for good cause shown. The joint boards of Polk and Story Counties found that the original classification was inequitable, and that a new classification should be made, and, as stated, commissioners were appointed, the lands reclassified, and the new classification duly adopted and made the basis of the new assessment.

We said, in *Board of Supervisors v. McDonald,* 188 Iowa 6:

"Under the statute, the classification adopted becomes presumptively the appropriate classification for future assessments for improvements. But it is presumptive only. The statute preserves to the supervisors the power to make a different classification for future improvements, if 'good cause' appear therefor. The needed future improvement might be such as to render marked benefit to one or to some, and comparatively little to others, regardless of benefits received from the original improvement."

Any other interpretation of these statutes would practically deny effect to the provisions of Section 1989-a12, authorizing a reclassification for good cause shown. Supporting this construction of these statutes, see, also, *Christenson v. Board of Supervisors,* 179 Iowa 745; *Loomis v. Board of Supervisors,* 186 Iowa 721; *Bloomquist v. Board of Supervisors,* 188 Iowa 994.

But it is argued by counsel for appellants that the assessments in question are, in any event, excessive and inequitable.

We have examined the record carefully, and we find nothing therein from which the court can determine what would be a just and equitable assessment.

5. DRAINS: assessments: inequitableness.

The argument of counsel proceeds largely upon the theory that appellants' lands were not benefited by the improvement, and in no event should they bear more than their proportionate share of the cost, based upon the original assessment. We must presume that the commissioners who reclassified the land and the boards of supervisors that adopted the classification gave careful consideration to benefits conferred upon each tract in the district. In the absence of evidence in some way pointing out inequality in the assessment, or furnishing some sort of a basis for a readjustment thereof, any reduction by this court would be the merest guess, and as likely to result in greater inequality than the assessment laid by the boards of supervisors as otherwise.

III. One of the members of the board of supervisors of Polk County owned a small tract of land within the district; and it is contended by appellants that, as he participated in the proceedings and voted upon various questions relating to the improvement, the action of the board was illegal and void. The record shows affirmatively that this member of the board at no time cast the deciding vote. The Polk County board consists of five members, and the Story County board of three. While sitting in joint sessions, each board voted as a unit. The assessment levied against the 5-acre tract of Olsen, the member of the Polk County board referred to, was less than $30, and it is not claimed that this assessment is inequitable or unjust. The contention here made was disposed of in *Stahl v. Board of Supervisors*, 187 Iowa 1342, adversely to appellant.

6. DRAINS: establishment and maintenance: interested but nondeciding vote.

We find no error in the record, and the judgment and decree of the court below are—*Affirmed.*

Stevens, C. J., Evans and Faville, JJ., concur.

De Graff, J., takes no part.