H. B. NELSON, Appellee, v.. T. E. GRAHAM et al., Appellants.

**DRAINS:** **Repairs—Extending Outlet Beyond District.** The inadequate outlet of a duly established public drainage improvement may validly be extended to a point *outside the district,* and the cost thereof may be assessed without notice to the property owner.

*Appeal from Mahaska District Court.*—D. W. HAMILTON, Judge.

APRIL 1, 1924.

REHEARING DENIED JUNE 28, 1924.

THE plaintiff, who is the owner of several 40-acre tracts in Drainage District No. 2, Mahaska County, commenced this action in the court below to enjoin the collection of certain drainage assessments levied against his land. The defendants are respectively the county treasurer, the county auditor, and the board of supervisors. The court granted the prayer of plaintiff's petition, and permanently enjoined the collection of the tax. All of the defendants appeal.—*Reversed.*

*J. G. Patterson,* for appellants.

*McCoy & McCoy,* for appellee.

STEVENS, J.—This appeal involves the validity of the assessment of a drainage tax upon the lands of appellee, located in Drainage District No. 2 in Mahaska County. The outlet for the main ditch is near the south boundary of the district, and is a short distance north of the Des Moines River. The original outlet extended a short distance south of the limits of the district, and consisted of about 500 feet of 16-inch tile. The improvement out of which the alleged invalid assessment arose was constructed in 1922, and extends the outlet to the Des Moines River. The total length of the improvement is approximately 2,200 feet. The 16-inch tile originally placed in the outlet was removed, and a 20-inch tile substituted therefor. The original tile drain was about 500 feet in length; the 20-inch tile was laid for a distance of about 960 feet. The rest of the improvement consists of an open ditch to the river.

Appellee has filed no brief or propositions relied upon for affirmance, and we are, therefore, compelled to look to the petition for the grounds upon which the validity of the assessment is assailed. These grounds are that the improvement was constructed without notice to appellee; that it constitutes a new and independent drainage system; and that the board, in constructing same, exceeded the authority conferred upon it by Section 1989-a21 of the Code Supplement, 1913. We shall limit our discussion to the points raised by the petition.

If the improvement lay wholly within the boundaries of the district, there could be no question, under the provisions of Section 1989-a21 and the prior decisions of this court and the decision of the Supreme Court of the United States in *Breiholz v. Board of Supervisors,* 257 U. S. 118 (66 L. Ed. 159), as to the authority of the board to make it. *Breiholz v. Board of Supervisors,* 186 Iowa 1147; *Smith v. Monona-Harrison Drain. Dist.,* 178 Iowa 823; *Mathwig v. Drainage District,* 188 Iowa 267; *Nervig v. Joint Boards of Supervisors,* 193 Iowa 909.

We have, therefore, to consider only the question of the authority of the board of supervisors to procure a right of way and extend the outlet beyond the boundaries of the district. It is clear, of course, that the board of supervisors, in the establishment and repair of drainage systems, must proceed in the manner pointed out by statute. Section 1989-a21 provides that drainage improvements shall at all times be under the control and supervision of the board of supervisors, and that it shall be the duty of the board "to keep the same in repair and for that purpose they may cause the same to be enlarged, reopened, deepened, widened, straightened or lengthened for a better outlet, and they may change or enlarge the same or cause all or any part thereof to be converted into a closed drain when considered for the best interests of the public rights affected thereby." This language is plain, and was construed and applied in the cases cited supra. The authority conferred upon boards of supervisors by this section in the matter of repairing, reopening, enlarging, straightening, or lengthening drainage ditches for a better outlet is broad and comprehensive.

Further authority is conferred upon boards of supervisors by Section 1989-a55, Code Supplement, 1913. This section provides that:

"Whenever after establishment of any district it is found necessary to extend the main ditch beyond the limits of such district as established, in order to secure proper outlet therefor, the board of supervisors shall have power to so extend such outlet * * *; and generally such board of supervisors shall have full power to treat with and to make fair and equitable agreements with any landowner, any other drainage district, ditching or-

ganization, corporation or association within this state, whether the same may be acting under this or any other law, touching any work in which such district may be interested, or which may facilitate the flow of the waters from the lands within such district or the flow of waters from the lands lying above said district, through the ditches of such district.''

Authority is here specifically conferred upon the board to extend the outlet beyond the boundaries of the drainage district. The language conferring such authority is clear, certain, and unambiguous. By necessary implication, authority is also conferred upon the board to procure the right of way or other privilege necessary for such extension of the outlet. In ascertaining the limit of the board's authority to extend the main ditch for the purpose of improving the outlet, Sections 1989-a21 and 1989-a55 must be construed together. The maintenance and repair of drainage ditches, together with the enlargement and improvement of the outlet of the ditches constructed as a part of the drainage system, are, as everyone knows, essential to the efficient and successful operation of the system. We perceive no valid reason why this authority may not be conferred upon the board by the legislature, to be exercised without notice to landowners. What reasonable limits may be imposed upon the board, in the exercise of this authority, we need not discuss. No such question is before us. Our holding in *Breiholz v. Board of Supervisors*, supra, that the authority conferred by Section 1989-a21 may be exercised by the board without notice, was upheld by the Supreme Court of the United States, as will appear from an examination of the case cited supra. No distinction can be made between the authority conferred by this section and that conferred by Section 1989-a55, in so far as the same relates to the extension of the outlet beyond the limits of the established boundaries of the district. The purpose is the same, and the expense involved is not necessarily greater, if this is material. The record leaves no doubt that the 16-inch tile was inadequate, and that the outlet, before the improvement, was not conducive to the efficient drainage of the lands within the district. It is too manifest for discussion that the board did not contemplate the establishment of a new and independent district. None of the

requisite steps were taken by it for that purpose. The improvement of the outlet was the evident design of the board. Whether it acted wisely, or extended the improvement beyond the necessary requirements for proper drainage, is not involved. The change in the tile and the extension of the outlet to the river were ordered after the engineer had gone over the ground and reported the necessity therefor. His recommendations were adopted and strictly followed. It is not material that property outside the limits of the district will receive some incidental benefit from the improvement. One such property owner contributed $300 to the expense. The assessment levied on the lands of the district was at the same ratio as the assessment for the original cost of the improvement. The board was clothed with authority to make a new classification for the purpose of this assessment, but evidently deemed the original classification just and equitable. We can reach no other conclusion than that plaintiff's petition should have been dismissed. Clearly, the assessment is not void.

Appellee moved that the appeal be dismissed, upon the ground that appellants' brief and argument does not comply with the rules of this court. The rules are not strictly followed, but there is substantial compliance therewith. The case is in equity, and triable *de novo*. The propositions relied upon for reversal are clearly, although not succinctly, stated. The motion is overruled.

The decree of the court below is, therefore,—*Reversed*.

ARTHUR, C. J., DE GRAFF and VERMILION, JJ., concur.